IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMARV D. JACKSON,<br>Plaintiff,<br><br>vs.<br><br>SLOAN EVANS, GENEX SERVICES, LISA TAYLOR, AND VOCATIONAL MANAGEMENT SERVICES, Inc.,<br><br>Defendants. | **No. CV-26-250-GF-JTJ**<br><br>**ORDER** |

Plaintiff Jamarv Jackson ("Jackson") filed a Complaint alleging claims against Defendants Sloan Evans, Genex Services, Lisa Taylor and Vocational Management Services, Inc. (collectively "Defendants"). (Doc. 2.) Jackson alleged "over the course of five years the two facilities and employees have falsely created medical charts from facilities I has never been to, forgery of medical documents, neglect, attempted manslaughter and forgery of land documents." (*Id.*) Jackson contended this conduct violated 18 U.S.C. §§ 1001, 287, 1035, 1113 and 42 U.S.C § 12101. (*Id.*) Jackson further sought leave of the Court to proceed in forma pauperis. (Doc. 1.)

The Court determined that good cause existed to grant Jackson's motion to proceed in forma pauperis and granted his request. (Doc. 5 at 1-2.) The Court further

conducted the necessary screening analysis pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether the claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (Doc. 5 at 2.) The Court determined that Jackson's Complaint failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id*. at 4.) The Court granted Jackson leave to file an Amended Complaint to properly allege an ADA claim. (*Id*.) Jackson filed an Amended Complaint. (Doc. 8.)

The Court determines that Jackson failed to cure the original deficiencies in his Complaint and still fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Jackson's Amended Complaint contains significantly more detail than his original Complaint. (*See* Doc. 8.) Jackson again fails to clearly allege what disability he has or how Defendants discriminated against him based upon his disability. Under a liberal reading, it appears to the Court that Jackson alleges his traumatic brain injury presents a qualifying disability. (*Id.* ¶¶ 4, 8.) Jackson further asserts that Defendants discriminated against him by attempting to hide the injury and exclude care, committing financial fraud, through neglect, and that "is also an act of interference." (*Id.*)

Jackson's Amended Complaint continues to lack relevant factual specificity or show a nexus between his disability and the alleged discrimination. *Doe v. City of Berkeley*, 2019 WL 3082868 at *2-3 (N.D. Cal. July 15, 2019). Jackson's two paragraphs in his Amended Complaint that specifically alleges ADA violations and

relates to his ADA claim remains insufficient to demonstrate that, if accepted as true, Jackson states a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. The Court determines that, even liberally construed, Jackson's Amended Complaint fails to demonstrate that Jackson's plausibly is entitled to any relief under the ADA.

The Court notes that Jackson's Amended Complaint again asserts violations of Title 18. (*See* Doc. 8 ¶¶ 1, 6, 11, 12, 20.) The Court previously informed Jackson that his claims under Title 18 fail to state a plausible claim for relief. (Doc. 5 at 3.) Title 18 of the U.S.C is entitled "Crimes and Criminal Procedure". Jackson, as a private citizen, lacks the legal authority to initiate criminal prosecutions or enforce criminal laws against another person or entity through a civil action. The power to prosecute crimes is exclusively vested in government.

The Court's previous order stated that a failure to properly allege an ADA claim in an amended complaint would result in a recommendation that Jackson's ADA claim be dismissed. (Doc. 5 at 4.) The Court now does so.

**ORDER**

1. Jackson's Amended Complaint fails to state a claim pursuant to 29 U.S.C. §1915(e)(2)(B).
2. The Court dismisses Jackson's Amended Complaint for failure to state a claim.
3. The Clerk of Court is directed to close this case.

DATED this 21st day of August, 2026.

Brian Morris, Chief District Judge
United States District Court